UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 20-118-DLB

CNC FOUNDATIONS, INC.                                                          PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

TURNBULL-WAHLERT, CONSTRUCTION, Inc., et al.           DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on three separate Motions to Dismiss filed by CNC Foundations, Inc., doing business as Helitech, in response to various counterclaims, (Docs. # 19, 23, and 26). Helitech's first Motion to Dismiss as to KY Covington JRG, LLC, (Doc. # 19), was mooted by KY Covington JRG's filing of an Amended Counterclaim, (Doc. # 24). Defendant Turnbull-Wahlert, Construction, Inc. and KY Covington JRG both filed Responses. (Docs. # 25 and 31, respectively). Thereafter, Helitech filed Replies. (Docs. # 30 and 32). Therefore, the Motions have been fully briefed and are ripe for the Court's review. For the reasons stated herein, Plaintiff's Motion to Dismiss Defendant Turnbull-Wahlert, Construction, Inc.'s Counterclaim, (Doc. # 23), is **granted** and Plaintiff's Motion to Dismiss KY Covington JRG's Amended Counterclaim, (Doc. # 26), is **denied**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff CNC Foundations, Inc. ("Helitech") filed suit for breach of contract against Turnbull-Wahlert, Construction, Inc. ("TWC"), KY Covington JRG, LLC ("JRG"), and others alleging that Defendants had failed to pay Plaintiff for its work in the construction of the John R. Green Lofts Project ("the Project") in Covington. (Doc. # 1 ¶ 7, 27, 33, 38,

1

52, 56). In response, Defendants TWC and JRG filed counterclaims related to the same Project. (Docs. # 16 and 24). Defendant TWC asserted counterclaims for (1) breach of contract, (2) negligence, (3) contractual indemnity, and (4) professional negligence. (Doc. # 16 at 23-26). Defendant JRG asserted a single counterclaim for negligence. (Doc. # 24 at 17). Helitech's Motions to Dismiss ask the Court to dismiss TWC's counterclaims for negligence and professional negligence and JRG's negligence counterclaim. (Docs. # 23 at 3 and 26 at 6-7).

JRG is the developer and lessee of the property on which the at issue Project was located. (Docs. # 16 at 14 and 24 at 12). JRG and TWC entered into an agreement which provided that TWC would act as the design-builder for the Project. (Docs. # 16 at 17 and 24 at 12). TWC awarded Helitech the subcontract to perform foundations and earthwork improvements for the Project. (Docs. # 16 at 15 and 24 at 13). After entering into the original subcontract, Helitech agreed to perform additional work, including "pre-drilling,"[1] as part of its installation plan. (Docs. # 16 at 19 and 24 at 14). It is alleged that Helitech failed to perform this pre-drilling before installing Vibratory Stone Columns ("VSCs"), which in turn, damaged the JR Green Building, the existing structure on the property. (Docs. # 24 at 14-17 and 16 at 20).

In its counterclaim, TWC claims that Helitech was negligent and professionally negligent by breaching the duty of care laid out in the subcontract. (Doc. # 16 at 24-26). Similarly, JRG claims that Helitech was negligent because it owed JRG a duty to not damage the existing JR Green Building in completing its contract. (Doc. # 24 at 17).

---

[1] The purpose of pre-drilling, as explained by Helitech, was "[t]o reduce the lateral pressure from the vibratory operation when installing [vibratory stone columns] in those locations closest to the JR Green building." (Doc. # 1 ¶ 13). TWC puts forth a similar explanation in its counterclaim, stating that "predrilling [] limit[s] transition of vibration." (Doc. # 16 at 16).

2

While the parties disagree on the scope and duties implied by the contracts, no further factual background is required at this stage.

## II. ANALYSIS

### A. Standard of Review

Granting a motion to dismiss is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (quoting *Twombly*, 550 U.S. at 556). In evaluating a motion to dismiss, a court should "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (citing *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570). However, "mere conclusory statements, do not suffice" and legal conclusions "must be supported by factual allegations." *Ashcroft*, 556 U.S. at 678-79.

### B. Helitech's Motion to Dismiss TWC's Counterclaims of Negligence and Professional Negligence

Plaintiff Helitech argues that TWC cannot assert claims for breach of contract and negligence, unless the negligence arises from a duty independent of the duties imposed by the at issue contract. (Doc. # 23 at 7). By contrast, TWC argues that Kentucky law permits tort claims to proceed in this early stage of litigation as an alternative avenue of recovery. (Doc. # 25 at 1). Therefore, as to Helitech's Motion to Dismiss TWC's

3

Counterclaims, there is only one operative issue—whether under Kentucky law, a claim for negligence may accompany a contract claim where the claimant has not alleged breach of a duty separate from the duty imposed by the contract.

Kentucky Courts have recognized that "a party having viable contract and negligence claims may pursue both, [but] the initial inquiry is whether there is a negligence claim independent of the contract claim." *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 791 (Ky. 2017); *see also Kevin Tucker & Assocs., Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 (Ky. Ct. App. 1992), *overruled on other grounds by Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000). "Liability for a [] negligence claim must be predicated on an extra-contractual duty." *RQSI Global Asset Allocation Master Fund, Ltd. v. Apercu Int'l PR LLC*, 683 F. App'x 497, 502 (6th Cir. 2017) (citing *Mims v. W.S. Agency, Inc.*, 226 S.W.3d 833, 836 (Ky. Ct. App. 2007)). Accordingly, a breach of duty arising under a contract "must be addressed under contract, and a tort action will not lie"; "[a] breach of duty *arising independently* of any contract duties between the parties, however, may support a tort action." *Nami Res. Co., L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323, 336 (Ky. 2018) (emphasis in original) (quoting *Superior Steel*, 540 S.W.3d at 792). In other words, in order to allege negligence alongside a breach of contract claim, the negligence claim must arise from a duty separate from the underlying contract.

TWC's counterclaim includes claims of negligence and professional negligence. (Doc. # 16 at 24-26). Both of these claims will be barred if Helitech's breach of duty does not arise independently from the duties imposed by the subcontract. As to its negligence claim, TWC alleges that Helitech "owed TWC a duty of care to perform its services *under*

4

*the Subcontract*," and Helitech "breached its duty of care and was negligent in the performance of the work *under the Subcontract*." (*Id.* at 24) (emphasis added). As for its professional negligence claim, TWC alleges that "*pursuant to the subcontract*, Helitech undertook not only the installation but the design of the foundation system for the project," and Helitech owed "a duty of care to perform those design services . . . with the requisite reasonable skill and care exercised by other similarly situated professionals," and instead "was negligent in the performance of its professional services." (*Id.* at 25) (emphasis added). TWC does not allege in either counterclaim that Helitech owed it a duty independently from the duties imposed by the subcontract. Instead, TWC directly relies on the subcontract to impose the necessary duty to make out a claim for negligence. Because a breach of duty "which arises under the provisions of a contract between the parties must be addressed under contract," and TWC did not allege that Helitech owed it an independent duty, TWC has not properly alleged a negligence or professional negligence cause of action. *Nami Resources*, 554 S.W.3d at 336 (quoting *Superior Steel*, 540 S.W.3d at 792). Therefore, TWC's negligence and professional negligence counterclaims are **dismissed**.

### C. Helitech's Motion to Dismiss JRG's Counterclaim of Negligence

In its second Motion to Dismiss, Plaintiff Helitech asserts that JRG may not assert a counterclaim for negligence because JRG was not a party to its subcontract with TWC and therefore may not maintain an action for negligence based on breach of contract.[2] (Doc. # 26 at 10-11). To the contrary, JRG argues that it has adequately alleged a

---

[2] Helitech makes much of the subcontract between it and TWC, which provide that it is required to keep the vibrations associated with installing VSCs under a specific level. (Doc. # 26 at 7-8). But, as acknowledged by Helitech, JRG was not a party to this contract.

5

negligence claim under Kentucky law and that the claim does not arise from a breach of contract, as JRG was not a party to a contract with Helitech. (Doc. # 31 at 5-6).

While "privity is no longer required to maintain a tort action, 'one who is not a party to the contract or in privity thereto may not maintain an action for negligence which consists merely in the breach of contract.'" *Presnell Constr. Managers, Inc. v. EH Constr.*, 134 S.W.3d 575, 579 (Ky. 2004). Therefore, in order for JRG to have a cognizable claim for negligence, JRG must establish that Helitech owed it a duty separate from the contract governing Helitech and TWC's relationship.

While the Court must "construe the complaint in the light most favorable" to the non-moving party, *Hill*, 878 F.3d at 203 (citing *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570), the Court need not accept legal conclusions that lack the support of factual allegations, *Ashcroft*, 556 U.S. at 678-79. JRG's counterclaim alleges that Helitech owed it a duty of care "to not damage the existing JR Green building" and was grossly negligent by "attempt[ing] to install VSCs in the vicinity of the existing JR Green Building without first pre-drilling the shafts, or [failing] to take other appropriate measures to protect and avoid damaging the building." (Doc. # 24 at 17). JRG's first allegation is that Helitech was negligent in installing VSCs without first pre-drilling.

JRG also asserts that while the duty to install the VSCs was contractually required, "the duty not to damage the existing JR Green building is a duty arising in tort." (Doc. # 24 at 17). JRG reiterates this point in its Response, stating that because there is no contract between the two parties, the claim "stems from Plaintiff's reckless actions in . . . deciding to proceed with installation of the VSCs . . . without taking other appropriate measures to protect and avoid damaging the existing building." (Doc. # 31 at 6). A

6

negligence claim in Kentucky requires four elements: duty, breach, causation, and damages. *Hayes v. D.C.I. Props.-D KY, LLC*, 563 S.W.3d 619, 622 (Ky. 2018). "The existence of a duty is a question of law for the court," and "[c]ausation presents a mixed question of law and fact." *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). An analysis of the duty element of a negligent claim revolves around foreseeability of injury. *Id.* "[E]very person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999) (alteration in original).

Here, as part of its installation plan, Helitech agreed to pre-drill in order to avoid damage to the JR Green Building. (Doc. # 24 at 14-15). At the motion to dismiss stage, this alone establishes that there was a potential for foreseeable harm to occur to the JR Green Building if certain precautions were not taken. Because the damage to the JR Green Building was foreseeable, it follows that Helitech owed JRG a duty to avoid this harm. *See also Charter Foods Inc. v. Derek Eng'g of Ohio, Inc.*, No. 09-06-ART, 2009 WL 4825150, at *5 (E.D. Ky. Dec. 11, 2009) (holding that a general contractor had a duty to prevent foreseeable damage to a property that was being developed). As for causation, a party must allege that both but-for causation and proximate cause exist to sustain a negligence action. *Howard v. Spradlin*, 562 S.W.3d 281, 287 (Ky. Ct. App. 2018). JRG alleges that Helitech's failure to pre-drill or otherwise take protective measures to shield the building from harm was the "direct and proximate" cause of the JR Green Building's damages. (Doc. # 24 at 17). Because these factual allegations could establish causation if proven to be true, JRG has adequately pled a claim for negligence at this stage in the

proceedings.[3] *See Modern Holdings v. Corning Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at *20 (E.D. Ky. Mar. 31, 2015) (denying a motion to dismiss a negligence claim when the party adequately pled that they were injured and the other party caused that injury).

Therefore, because JRG has adequately alleged the elements of a common law negligence claim, Helitech's Motion to Dismiss, (Doc. # 26), as to this claim, is **denied**.

### III. CONCLUSION

Thus, for the reasons articulated herein, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff Helitech's Motion to Dismiss as to Defendant TWC's Counterclaims of negligence and professional negligence (Doc. # 23) is **GRANTED**;

(2) Plaintiff Helitech's Motion to Dismiss as to Defendant JRG's Amended Counterclaim of negligence (Doc. # 26) is **DENIED**; and

(3) Plaintiff Helitech shall file its Answer to Defendant JRG's Amended Counterclaim of negligence **within twenty (20) days.**

This 28th day of May, 2021.

Signed By:
*David L. Bunning* DB
United States District Judge

---

[3] In its Reply, Helitech asserts that the economic loss doctrine bars JRG's negligence claim. (Doc. # 31 at 9). As the issue was raised for the first time in Helitech's Reply brief, it is deemed waived as to the current Motion to Dismiss. *See Travelers Prop. Cas. Co. of Am. V. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010) (holding that "arguments raised only in reply, and not in the original pleadings, are not properly raised before the district court").